Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge |  |
|---|---|---|---|
| **CASE NUMBER** | 12 C 403 | **DATE** | 4-24-12 |
| **CASE TITLE** | Anthony Lamont Fisher (L-116563) vs. Bernard Fapso, et al. ||||

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* application [7] is granted. The court assesses an initial partial filing fee of $10.50. The trust fund officer at Plaintiff's place of confienment is authorized to make deductions from Plaintif's accoun in accordance with this order. The clerk shall issue summons for Defendant North Chicago Police Officer Bernard Fapso, and the U.S. Marshal is directed to serve this Defendant. The North Chicago Police Department is dismissed. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]                                      Docketing to mail notices

## STATEMENT

Plaintiff Anthony Lamont Fisher, incarcerated at the Lake County Jail, has submitted a completed *in forma pauperis* application in accordance with this Court's prior orders. Finding that he is unable to pre-pay the $350 filing fee, the Court grants the motion. The Court assesses an initial partial filing fee of $10.50 and authorizes the trust fund officer at Plaintiff's place of confinement to deduct this amount from Plaintiff's trust fund account and pay it to the clerk of court. After collecting the initial partial fee, the trust fund officer is authorized to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this case. Plaintiff shall remain responsible for the filing fee, and Lake County Jail authorities shall notify transferee authorities of any outstanding balance in the event he is transferred.

The court has conducted a preliminary review of Plaintiff's 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A. Plaintiff alleges that North Chicago Police Officer Bernard Fapso and two unknown officers used excessive force when arresting him in May 2011. Plaintiff also names the North Chicago Police Department; however, a police department is not a suable entity that can be named as a defendant. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir.1997). Accordingly, the clerk shall issue summons for service of the complaint on Officer Fapso, but the North Chicago Police Department is dismissed as Defendant.

The United States Marshals Service is appointed to serve Officer Fapso. Any service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return the forms to the Marshal may result in the dismissal of this Defendant. If this Defendant is no longer employed with the North Chicago Police Department, officials there shall furnish the Marshal with Defendant's last-known address. The information shall be used only for service purposes, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If unable to obtain a waiver, the Marshal shall attempt personal service on Defendant.

| STATEMENT |
|---|

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to Defendant's counsel. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

The court denies without prejudice Plaintiff's motion for the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. Appointment of counsel is available under 28 U.S.C. § 1915(e)(1), if: (1) the plaintiff "has made reasonable efforts to retain counsel" but was unsuccessful or was effectively precluded from making such efforts, and (2) the nature of the case (i.e., whether the case involves complex issues of law or discovery) and the plaintiff's pleadings demonstrate that he is not competent to represent himself. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007); *Gil v. Reed*, 381 F.3d at 656. This case, at this early stage, does not involve complex legal or discovery issues, and Plaintiff's pleadings demonstrate that he is competent to proceed *pro se* at this time.