**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY LAMONT FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12-cv-00403 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| OFFICER BERNARD FAPSO, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Plaintiff Anthony Lamont Fisher has sued Defendant Bernard Fapso, a police officer with the City of North Chicago, pursuant to 42 U.S.C. § 1983 for alleged violations of Fisher's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, in his complaint, Fisher alleges that Fapso used excessive force while arresting Fisher on May 27, 2011. In anticipation of the scheduled jury trial, Fisher filed four Motions *in Limine* (Dkt. No. 49) and Fapso filed twelve Motions *in Limine* (Dkt. No. 48). At the final pretrial conference, the Court ruled on the parties' uncontested motions and certain of Fapso's contested motions.[1] (*See* Dkt. No. 57.) The following constitutes the Court's rulings on the remaining contested motions.

Trial courts exercise broad discretion in ruling on evidentiary issues before trial. *Jenkins v. Chrysler Motors, Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). "Trial courts issue rulings on motions *in limine* to guide the parties on what evidence it will admit later in trial." *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). Accordingly, "[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S.

---

[1] The Court ruled on Fisher's Motion *in Limine* No. 4 and Fapso's Motions *in Limine* Nos. 1, 3, 4, 5, 6, 7, 9, 10, 11, and 12.

38, 41 n.4 (1984). As a trial progresses, however, the Court remains free to alter earlier rulings. *Perry*, 733 F.3d at 252 (citing *Luce*, 469 U.S. at 41-42). "Furthermore, the court may defer ruling on a motion *in limine* until trial if the parties' arguments 'cannot be evaluated accurately or sufficiently . . . in such a procedural environment.'" *United States v. Mandell*, No. 12-cr-00842, 2014 WL 464226, at *2 (N.D. Ill. Feb. 3, 2014) (quoting *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Moreover, rulings on motions *in limine* are necessarily preliminary and may be altered by the district judge even if nothing unexpected happens at trial. *Luce*, 469 U.S. at 41; *Farfaras v. Citizens Bank & Trust of Chicago,* 433 F.3d 558, 565 (7th Cir. 2006).

I. **Fisher's Motion *in Limine* No. 1**

Fisher first seeks to bar any references to his prior felony convictions, which include convictions for aggravated battery with a firearm (1994), possessing a weapon in a penal institution (1994), aggravated battery to a police officer (2005), manufacturing or dealing zero to fifteen grams of cocaine (2008), and driving on a license revoked or suspended due to driving under the influence (2011).

Federal Rule of Evidence 609(a) permits a party in a civil case to attack a witness's character for truthfulness by introducing evidence of "a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year." Fed. R. Evid. 609(a)(1). The admissibility of such evidence is subject to the limitation set out in Federal Rule of Evidence 403 and, furthermore, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[, e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written

notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Civ. P. 609(a)(1)(a), 609(b). Absent a Rule 403 concern, Fisher's convictions from 2005 onward should be admitted as impeachment evidence, as less than 10 years have passed since his conviction or release from confinement for each offense.

Fisher argues that evidence of the convictions should be barred because the information will "prejudice the jury by inviting them to deem [Fisher] as undeserving of their verdict." (Pl. Mot. at 2, Dkt. No. 49.) However, he has not explained why these convictions are so prejudicial that they should be barred under Rule 403, particularly when his testimony and credibility is critical to his case—it appears that he is the only person who will testify that Fapso was even physically present for his arrest. *See United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir. 1993) (agreeing with district court that, "in light of the critical nature of [the defendant's] testimony and credibility," evidence of prior convictions was highly probative impeachment evidence).[2]

Fisher does not argue that the 1994 convictions should be admitted under Rule 609(b); information regarding those convictions will be excluded. The remaining convictions from 2005, 2008, and 2011, however, are admissible for impeachment purposes. Defense counsel will not, however, be allowed to argue or suggest that Fisher's criminal history makes it more likely that he committed any criminal acts at any later date (*i.e.*, a propensity inference). Furthermore, any of Fisher's convictions or other criminal history that Fapso knew about when he arrested Fisher on May 27, 2011 are admissible to show the reasonableness of the force used in conducting the

---

[2] In this Circuit, courts apply a five-part test for determining when the probative value of a prior conviction outweighs its prejudicial effect: (1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness's subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue. *United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir. 1993).

arrest—a central issue in any excessive force case. The Court does not find persuasive Fapso's argument that Fisher's prior convictions are relevant to his claim of damages, however. Whether an individual has been arrested and convicted of crimes in the past does not by itself indicate that he would be more or less likely to suffer pain and suffering as a result of being assaulted by a police officer during a subsequent arrest. Thus, Fapso will not be able to argue that Fisher's damages are less because of his prior criminal history.

Accordingly, Fisher's Motion *in Limine* No. 1 is denied and evidence of Fisher's prior convictions since 2005 will be admissible for the limited purposes described above.

## II. Fisher's Motion *in Limine* No. 2

Fisher further seeks to bar evidence that he consumed alcohol immediately prior to his May 27, 2011 arrest and that his friend was smoking marijuana at the time. Fapso does not dispute that evidence of the friend's marijuana use should be excluded; he only seeks to introduce Fisher's own alcohol use. The Court agrees with the parties that evidence of the friend's marijuana use is irrelevant and potentially prejudicial, and thus grants Fisher's motion as unopposed with respect to that evidence.

The evidence of Fisher's alcohol consumption immediately prior to his arrest—which consists primarily of Fisher's own testimony—is relevant, however. Whether and how much Fisher was drinking at the time may impact his ability to recall clearly the events surrounding his arrest. "Where there is reason to believe that alcohol . . . had seriously impaired a witness's memory of the events to which he is testifying or prevented him from understanding the events at the time they occurred, evidence of his . . . alcohol use is admissible." *Casares v. Bernal*, 790 F. Supp. 2d 769, 785-86 (N.D. Ill. 2011) (citing *United States v. Spano*, 421 F.3d 599, 606 (7th Cir. 2005)). Although Fisher claims that he was not intoxicated or otherwise impaired, his

acknowledgment that he had "a shot" and that "[he] was drinking" immediately prior to the arrest could lead a reasonable juror to question his ability to recall events accurately. Of course, just as Fapso will be permitted to elicit testimony that Fisher had been drinking, Fisher will be able to cross examination defense witnesses about the fact that no law enforcement officer on the scene reported seeing signs of intoxication. A jury can decide based upon the evidence presented whether Fisher's memory of the events was in fact impaired by his alcohol use.

Furthermore, the Court is not persuaded that such evidence would be unduly prejudicial to Fisher—alcohol use by an adult over 21 years of age is not illegal (unlike the friend's marijuana use, which will not be admitted at trial) and there is no reason to believe that a jury would make any judgment about Fisher's character upon learning that he had been drinking at a friend's private home.

Accordingly, Fisher's Motion *in Limine* No. 2 is granted in part and denied in part. Evidence regarding use of marijuana by Fisher's friend is excluded, but Fapso will be permitted to introduce evidence of Fisher's alcohol use immediately prior to the arrest.

### III. Fisher's Motion *in Limine* No. 3

Fisher also asks the Court to exclude evidence regarding his tattoos or alleged gang affiliations. Fapso does not dispute that evidence of Fisher's alleged gang affiliations is irrelevant; the Court agrees and will exclude any such evidence. However, Fapso argues that booking photographs taken of Fisher, which happen to show his tattoos, are relevant to Fisher's claimed injuries. Indeed, Fisher's physical condition as reflected in photos taken after his May 27, 2011 arrest is plainly relevant to his claim that he suffered physical injuries as a result of the arrest. The probative value of the photographs outweighs any potential prejudice that Fisher might suffer as a result of jurors seeing his tattoos in the pictures, particularly given that neither

Fisher nor Fapso has suggested that Fisher's tattoos depict known signifiers of gang membership. Nonetheless, to avoid any undue prejudice and because the substance of what is depicted in the tattoos has no relevance to the issues in this case, Fapso will not be allowed to question Fisher regarding his tattoos or draw unnecessary attention to them.

Accordingly, Fisher's Motion *in Limine* No. 3 is granted in part and denied in part. Evidence of Fisher's alleged gang affiliation is barred. But Fapso will be permitted to show the jury pictures of Fisher taken after his arrest that depict his physical condition even though they also show Fisher's tattoos, so long as Fapso does not elicit testimony regarding the tattoos or draw any undue attention them.

## IV.     Fapso's Motion *in Limine* No. 2

Fapso seeks to bar evidence of the ultimate disposition of the charges for which Fisher was arrested on May 27, 2011. The charges in the arrest warrant—aggravated battery with a firearm, aggravated discharge of a firearm, and unlawful possession of a firearm by a convicted felon—were ultimately *nolle prossed* and Fisher instead pleaded guilty to two counts of driving on a revoked or suspended license due to a DUI. Fapso argues that the evidence should be excluded as irrelevant, prejudicial, and likely to cause jury confusion. He further contends that allowing any argument or inference that something was improper about the arrest would invite the jury to compensate Fisher for issues not raised in his complaint. For his part, Fisher argues that he would be prejudiced if Fapso were allowed to offer evidence regarding the nature of the charges in the arrest warrant but he was not permitted to offer evidence of the disposition of the charges.

The Court agrees that it would be prejudicial to Fisher to allow evidence that he was arrested for the charges listed in the warrant without also permitting the jury to hear that the

charges were not pursued to conviction. "In order to avoid the possibility that the jury may assume Plaintiff [was] arrested and later found guilty," the jury can be made aware that the original charges against Fisher were dropped and that he pleaded guilty to lesser charges. *Fox-Martin v. County of Cook et al.*, 2010 WL 4136174, at *7 (N.D. Ill. Oct. 18, 2010); *see also Ford v. Bell*, 2012 WL 1416456, at *4 (N.D. Ill. Apr. 24, 2012) ("In order to prevent the jury from unfairly speculating that he was found guilty of the underlying charge, the fact that the charge was dismissed should be disclosed."). The jury will be instructed that the dismissal of the original charges does not indicate that there was something improper about the arrest or that it is more or less likely that Fapso used excessive force. Accordingly, Fapso's Motion *in Limine* No. 2 is denied.

## V. Fapso's Motion *in Limine* No. 8

Fapso seeks to bar evidence of his prior disciplinary history and other lawsuits in which he has been named as a party. Pursuant to Federal Rule of Evidence 404(b), other disciplinary and legal actions involving Fapso are clearly inadmissible to prove his character or that he acted in accordance with that character on day of Fisher's arrest. To the extent Fapso has been involved in other incidents with individuals other than Fisher that have led to complaints, discipline or lawsuits, those lawsuits are irrelevant to the present action and whatever probative value they may have are, in any case, outweighed by the potential for undue prejudice to Fapso. Thus, evidence regarding complaints, discipline, and lawsuits regarding other incidents involving individuals other than Fisher will be excluded.

Fisher's prior interactions with Fapso and his prior lawsuit against Fisher are a different matter, however. Fisher claims that his prior suit against Fapso is relevant because it provided Fapso's motive for using excessive force during Fisher's May 27, 2011 arrest—*i.e.*, Fapso

7

roughed up Fisher because he was angry that Fisher had sued him previously and received a monetary settlement.

The Court agrees that Fapso's motive for the alleged use of excessive force is relevant and that a reasonable juror could believe that he held a grudge against Fisher due to the prior lawsuit and decided to use the opportunity presented by the May 27, 2011 arrest to teach Fisher a lesson. Rule 404(b) includes an express exception to the general prohibition on evidence of prior bad acts when the purpose of introducing such evidence is to establish motive, *see* Fed. R. Evid. 404(b), and here the probative value of such evidence is sufficient to outweigh the potential for undue prejudice. Moreover, the statements that Fapso allegedly made to Fisher on May 27, 2011 regarding the prior lawsuit constitute admissions of a party-opponent and thus are admissible pursuant to Federal Rule of Evidence 801(d)(2)(A). Nevertheless, the Court is cognizant of the concern that focusing the jury's attention too much on the litigation history between Fisher and Fapso may raise issues under Rule 403 by causing Fapso unfair prejudice, confusing the issues, misleading the jury, or wasting time with evidence of little probative value. To address these concerns, the Court will not allow Fisher to focus unnecessarily on the details of the prior suit. He will not be permitted to introduce evidence of the substance of the claims asserted in the prior suit, the amount of damages requested, or the amount of the settlement.

Accordingly, Fisher's Motion *in Limine* No. 3 is granted in part and denied in part. Fisher will not be permitted to introduce evidence of discipline or legal actions that have no relation to the present case or prior interactions between Fisher and Fapso. Fisher will be permitted to introduce evidence that he had filed a lawsuit against Fapso prior to his May 27, 2011 arrest alleging police misconduct and that the suit had been settled prior to the arrest, but without providing details of the earlier incident or settlement. Fisher will also be permitted to testify

regarding the statements that Fapso allegedly made to him regarding the earlier lawsuit at the time of the May 27, 2011 arrest.

ENTERED:

Dated: September 25, 2015

_____
Andrea R. Wood
United States District Judge